UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    For Online Publication Only
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                    Plaintiff,        **MEMORANDUM & ORDER**
                                                      15-cr-00603 (JMA)

              -against-
                                                      **FILED**
                                                      **CLERK**
LAWRENCE JOHNSON,
                                                      4/23/2026 9:19 am

                                    Defendant.        **U.S. DISTRICT COURT**
-----------------------------------------------------------------------X   **EASTERN DISTRICT OF NEW YORK**
                                                      **LONG ISLAND OFFICE**
**AZRACK, United States District Judge:**

        Lawrence Johnson ("Johnson") moves pro se to vacate, set aside, or correct his conviction

and sentence for the unlawful possession of a firearm by a convicted felon, pursuant to 28 U.S.C.

§ 2255.  (See ECF No. 137 ("Mot.").)  Johnson contends that he was denied the effective assistance

of counsel: (1) on appeal concerning his sentence;, and (2) at trial, when his court-appointed trial

counsel "failed to investigate a recognized defense entrapment by estoppel."  (Id. at 4–5.)  Johnson

also requests the appointment of counsel.  (See ECF No. 146.)  The Government opposes the

Motion.  (See ECF No. 148 ("Gov. Opp.").)  For the reasons discussed below, Johnson's § 2255

Motion and request for the appointment of counsel are DENIED.

## I.      BACKGROUND

        The following factual background is taken from Johnson's motion, the Government's

memorandum in opposition, and the Court's review of the record.  The Court assumes the parties'

familiarity with the facts and procedural history of this matter and only repeats here those facts

relevant to the present motion.

### A.      Offense and Trial

        On November 4, 2015 at approximately 3:10 p.m., New York City Police Department

("NYPD") officers observed Johnson walking on a sidewalk carrying a gun case.  The officers

approached Johnson, who admitted to having a gun and claimed he wanted to return it to the police. When asked how he obtained the gun, Johnson gave vague, inconsistent answers, claiming at one point that he found it in the bushes "a day or two" prior.  Eventually, Johnson agreed to go with the officers to their station house.  There, the officers confirmed that Johnson had a criminal history and arrested him.

On November 24, 2015, Johnson was indicted and charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 6.)  After reviewing Johnson's criminal history, the Government notified him that, because he had three prior convictions for violent felonies or serious drug offenses, he was subject to enhanced sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (the "ACCA").  (ECF No. 14.)  On May 3, 2016, a grand jury in the Eastern District of New York returned a superseding indictment again charging Johnson with being a felon in possession of a firearm and providing notice of the enhanced penalty.  (ECF No. 20.)

Johnson pled not guilty, arguing that he had innocently possessed the firearm for the purpose of turning it into the police.  (See, e.g., ECF Nos. 57–59, 61, 64.)  Before trial, the parties briefed the issue of whether Johnson was entitled to an "innocent possession" jury instruction and whether he was entitled to elicit from Government witnesses the statement that he planned to turn in the gun to the police.  Judge Mauskopf, who presided over pretrial proceedings before the case was re-assigned to the undersigned, ruled that, while the Court would not give an "innocent possession" instruction to the jury, the Court would not preclude Johnson from testifying that he had intended to turn in the firearm to police.  (ECF Minute Order, May 18, 2017.)

At trial, the Government introduced evidence of Johnson's statements to the police, including his statement that he intended to turn in the gun to the police.  (See ECF No. 76, Trial

2

Tr. 40:7, May 22, 2017.) Johnson did not testify. On May 23, 2017, the jury returned a verdict finding Johnson guilty of the sole count in the indictment. (ECF No. 75.)

B.    **Sentencing and Appeal**

Before sentencing, the Probation Department determined that Johnson's two prior New York State convictions for attempted second-degree robbery, in violation of N.Y.P.L. § 160.10(1) and § 160.10(2)(a), and one New York State conviction for third-degree criminal sale of a controlled substance in violation of N.Y.P.L. § 220.39(1) qualified him for sentencing under the ACCA, triggering a 15-year mandatory minimum and a Guidelines range of 262 to 327 months. (See ECF No. 86.) Johnson disputed that determination, arguing that his robbery convictions did not qualify as violent felonies and that the drug conviction did not qualify as a serious drug offense. (See ECF No. 89 at 7–19.) The Court concluded that Johnson's attempted second-degree robbery conviction in violation of N.Y.P.L. § 160.10(1) did not qualify as an ACCA predicate, and therefore Johnson was not subject to the ACCA's sentencing enhancement. The Court calculated a Guidelines range of 92 to 115 months and, in July 2018, imposed a sentence of 96 months' incarceration and 5 years' supervised release. (See ECF No. 103.)

Johnson appealed both his conviction and sentence, represented by the same counsel who had represented him at trial and sentencing. (See ECF No. 106.) Johnson challenged his conviction on numerous grounds, arguing, among other things, that this Court erred in refusing to instruct the jury as to an innocent possession defense and in affirmatively instructing the jury that "[w]ell-meaning possession is not a defense to the charge in this case." See United States v. Johnson, 816 F. App'x 604, 609 (2d Cir. 2020). The Government cross-appealed Johnson's sentence, arguing that, in light of the Second Circuit's intervening decision in United States v. Thrower, 914 F.3d 770 (2d Cir. 2019), this Court erred in holding that Johnson's conviction for attempted second-degree robbery in violation of N.Y.P.L. § 160.10(1) was not categorically a

3

violent felony. The Government argued that, based on that error, the Court unlawfully sentenced Johnson below the 15-year statutory minimum imposed by the ACCA. See Johnson, 816 F. App'x at 606.

In a Summary Order issued on June 17, 2020, the Second Circuit affirmed Johnson's conviction and remanded for resentencing. Id. at 611. The Second Circuit rejected all of Johnson's challenges to his conviction, including, as relevant here, his challenge to this Court's jury instructions. Id. at 609. The Second Circuit reasoned that its caselaw made clear that an innocent possession defense was "not available where the possession was not momentary or only for as long as necessary to deal with a justifying necessity of some kind," and that "'momentary' possession "must be fleeting, such as picking up a weapon dropped by a police officer and immediately handing it back to the officer," and "thus does not include, as here, carrying a gun down the street for purposes of taking it to a police precinct, particularly when the defendant was in possession of a working cell phone and could have contacted police." Id. (citations and quotation marks omitted). The Second Circuit noted that "the evidentiary record would have been insufficient to support the innocent possession defense even if Johnson had testified at trial consistently with his affidavit; given his decision *not* to testify, the innocent possession defense was plainly without support." Id. at 610 (emphasis in original). The Second Circuit explained that, "absent any testimony by Johnson, the only evidence before the jury with respect to the duration of his possession was a police officer's testimony that Johnson had stated he had obtained the gun 'a day or two ago.'" Id. The Second Circuit also held that this Court's "well-meaning possession" instruction was not error but rather, "a necessary antidote to defense counsel's arguments with respect to innocent possession." Id.

On the sentencing issue, the Second Circuit agreed with the Government that, in light of Thrower, this Court erred in holding that Johnson's conviction for attempted second-degree

4

robbery conviction was not categorically a violent felony and remanded the case to this Court with instructions to vacate the judgment and resentence Johnson under the ACCA.  Id. at 611.

**C.        Proceedings on Remand**

In petitions for panel rehearing and rehearing en banc, and his subsequent petition for a writ of certiorari, Johnson did not seek review of Second Circuit's sentencing decision, but only challenged the Circuit's decision on his innocent possession defense.  After both petitions were denied, this Court granted Johnson's request for a continuance of the resentencing date until March 2022.  (ECF Minute Order, Aug. 4, 2021.)  The resentencing was subsequently adjourned to July 2022.  While awaiting his resentencing, Johnson filed the instant motion under 28 U.S.C. § 2255.  (See Mot.)

On June 21, 2022, the Supreme Court decided United States v. Taylor, 596 U.S. 845 (2022), which held that attempted Hobbs Act robbery is not a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A).  On July 21, 2022, the Government filed a letter conceding that Johnson was no longer subject to enhanced sentencing under the ACCA because, under Taylor, his conviction for attempted second-degree robbery in violation of N.Y.P.L. § 160.10(1) no longer qualified as an ACCA-predicate violent felony.  (See ECF No. 141.)  On August 3, 2022, this Court conducted a resentencing hearing at which it re-imposed the same 96-month term of imprisonment it had imposed at Johnson's original sentencing hearing and imposed a shorter, 3-year term of supervised release.  (ECF No. 144.)  Johnson was released from custody on October 7, 2022.  See Bureau of Prisons, Inmate Locator Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc (last visited Apr. 17, 2026).  His 3-year term of supervised release ended on October 7, 2025.[1]

---

[1] The Court retains jurisdiction over Johnson's Motion, even though he has now fully served his sentence, because Johnson was "in custody" within the meaning of 18 U.S.C. § 2255—i.e., on post-release supervision—when he filed the Motion.  See, e.g., Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994) (individual under supervised release is considered "in custody" for purposes of § 2255).

## II.   LEGAL STANDARD

### A.   Section 2255 Standard

Section 2255 permits a prisoner in federal custody to move to vacate, set aside, or correct a federal sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To merit relief under Section 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Moreover, to "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982); see also Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010).

In resolving a motion under § 2255, the district court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." Gonzalez, 722 F.3d at 131.

### B.   Ineffective Assistance of Counsel

The Sixth Amendment provides "the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 669 (1984). "There is 'a strong presumption that counsel's conduct fell within the wide range of professional assistance.'" Weingarten v. United States, 865 F.3d 48, 52 (2d Cir. 2017) (quoting Lynch v. Dolce, 789 F.3d 303, 311 (2d Cir. 2015)). "To

6

overcome that presumption, a petitioner must establish two elements. First, the petitioner must show that counsel's performance was deficient by demonstrating that the representation 'fell below an objective standard of reasonableness.'" Weingarten, 865 F.3d at 52 (quoting Strickland, 466 U.S. at 688). "Second, the petitioner must show that counsel's deficient representation was prejudicial to the defense by establishing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland, 466 U.S. at 694). "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

The Sixth Amendment imposes on counsel a duty to conduct a reasonable investigation, 'because [the] testing process generally will not function properly unless defense counsel has done some investigation into the prosecution's case and into various defense strategies.'" United States v. Brodie, No. 23-cv-00358, 2025 WL 1418034, at *5 (D. Conn. May 16, 2025) (quoting Kimmelman v. Morrison, 477 U.S. 365, 384 (1986)). The duty to investigate "requires counsel 'to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" Greiner v. Wells, 417 F.3d 305, 320–21 (2d Cir. 2005) (quoting Strickland, 466 U.S. at 691). That duty "does not, however, compel defense counsel to investigate comprehensively every lead or possible defense . . . or 'to scour the globe on the off-chance something will turn up[.]'" Id. at 321 (quoting Rompilla v. Beard, 545 U.S. 374, 383 (2005)). "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691.

### III.   DISCUSSION

"The Court is obliged . . . to construe pro se pleadings liberally and interpret them 'to raise the strongest arguments they suggest.'" Rahmankulov v. United States, No. 23-cv-3206, 2023 WL 3303949, at *1 (S.D.N.Y. May 8, 2023) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

Liberally construed, Johnson asserts two grounds upon which he should be granted relief under § 2255: (1) that he was denied the effective assistance of counsel in his opposition to the Government's appellate challenge to his sentence; and (2) that he was denied the effective assistance of counsel at trial, when his assigned trial counsel "failed to investigate a recognized defense entrapment by estoppel." (Mot. at 4–5.)   In response, the Government argues that Johnson's first claim regarding ineffective assistance of appellate counsel is moot.   Regarding Johnson's second claim, the Government argues that Johnson fails to put forth any facts about the substance of his proposed defense or how trial counsel was ineffective for failing to investigate it. The Government further argues that "nothing in the record . . . indicate[s] that Johnson had a meritorious defense of entrapment by estoppel and that the result of the trial would have been different had his counsel investigated it." (See Govt Resp. at 1–3.)

As explained below, Johnson's first claim is moot and his second claim is meritless.  The Court also concludes that an evidentiary hearing is not necessary to resolve Johnson's motion, as the combined submissions of the parties do not raise any controverted issues of fact and "a full testimonial evidentiary hearing would not offer any reasonable chance of altering [the Court's] views on the facts alleged by [Defendant]."   United States v. Roderique, No. 23-cv-9349, 2024 WL 687425, at *3 (S.D.N.Y. Feb. 20, 2024) (citing Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001)); see Camacho v. United States, No. 13-cr-58, 2018 WL 357312, at *1 n.1 (S.D.N.Y.

Jan. 10, 2018) ("[T]he petition raises no factual dispute and can thus be resolved without a Government response and/or hearing.").

## A.   Ineffective Assistance of Appellate Counsel Concerning Sentencing

Johnson argues that his appellate counsel was ineffective because his counsel failed to argue on appeal that this Court never found that his conviction for third-degree criminal sale of a controlled substance was a "serious drug offense" within the scope of ACCA for purposes of sentencing.  (Mot. at 4.)

Johnson's challenge solely concerns the length of his sentence.  Because Johnson has already served his sentence to completion, "there is no longer any controversy for the Court to resolve and the claim should be dismissed as moot."  United States v. Mills, No. 02-cr-22, 2018 WL 2077831, at *5 (D. Vt. Feb. 5, 2018), report and recommendation adopted, No. :02-cr-22-01, 2018 WL 2075443 (D. Vt. May 3, 2018); see also, e.g., Guzman v. United States, No. 05-cv-2691, 2007 WL 2589536, at *1 (S.D.N.Y. Aug. 29, 2007) (finding that a § 2255 motion challenging solely sentencing-related issues was moot where the defendant had served his entire sentence); see also Chevron Corp. v. Donziger, 833 F.3d 74, 124 (2d Cir. 2016) (finding that a case is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party") (citations and quotation marks omitted).

## B.   Ineffective Assistance of Trial Counsel

In one sentence, Johnson argues: "My trial counsel failed to investigate a recognized defense entrapment by estoppal."  (Mot. at 5.)  This challenge is meritless for several reasons.

First, Johnson does not give any factual basis or identify any specific facts supporting the alleged defense of entrapment by estoppel that counsel could have discovered with further investigation.  "A criminal defendant prevails on an entrapment by estoppel defense if he can show that 'the government, by its own actions, induced him to do [criminal conduct] and led him to rely

reasonably on his belief that his actions would be lawful by reason of the government's seeming authorization.'" United States v. Georgescu, 699 F. App'x 73, 74 (2d Cir. 2017) (quoting United States v. Giffen, 473 F.3d 30, 41 (2d Cir. 2006)).  "[D]efendants asserting entrapment by estoppel must show that their belief that they were authorized to commit the conduct in question is rooted in actual words or deeds by an actual agent of the government."  Id.; see also United States v. Miles, 748 F.3d 485, 489 (2d Cir. 2014) ("[A] defendant must show an affirmative assurance from the government that his conduct was legal . . . [and] a defendant charged with violating a federal crime must show reliance on the advice or authority of federal officials or agents to invoke this defense.").  The burden of rebutting the strong presumption of reasonableness in the context of an ineffective assistance claim "rests squarely on the defendant," and "it should go without saying that the absence of evidence cannot overcome it."  Dunn v. Reeves, 594 U.S. 731, 739 (2021) (citations and alterations omitted).  Johnson's failure to allege any particulars regarding how his counsel was ineffective is therefore fatal to his ineffective assistance claim.  See, e.g., United States v. Zhukov, No. 18-cr-633, 2025 WL 1994544, at *4 (E.D.N.Y. July 17, 2025) (holding that a petitioner claiming ineffective assistance based on counsel's duty to investigate cannot establish deficient performance because he "provide[d] no specific facts about what the unpursued investigation would have revealed").

In any event, the record from Johnson's trial shows that an entrapment-by-estoppel defense would not have been successful, and that therefore investigating it would not have affected the outcome at trial.  Before trial, the parties fully litigated whether an "innocent possession" defense was available based on Johnson's belief that he intended to turn over the firearm to the NYPD. Defense counsel submitted an affidavit from Johnson stating that he believed that the NYPD had a "no questions asked" gun turn-in program where people could bring guns to turn in at precincts. (See ECF No. 57-1.)  However, in United States v. Miles, the Second Circuit held that the

10

entrapment-by-estoppel defense was unavailable to a convicted felon who claimed that he possessed a firearm in reliance on the NYPD's "cash for guns" program, but did not allege that any federal official purported to authorize him to possess a firearm.  748 F.3d at 489.  As the Second Circuit explained in Miles, a defendant charged with violating a federal crime must show reliance on the advice or authority of federal officials or agents to invoke the entrapment-by-estoppel defense.  Johnson has never claimed that any federal official or agent authorized his possession of the gun in question.  Accordingly, nothing in the record supports a viable entrapment-by-estoppel defense or any likelihood that further investigation would have changed the trial's result.

Because Johnson's ineffective assistance of appellate counsel claim is moot, and his ineffective assistance of trial counsel fails on the merits, the motion is denied in its entirety, as is Johnson's request for counsel.  See, e.g., United States v. Haouari, No. 00-cr-15, 2013 WL 4565298, at *2 (S.D.N.Y. Aug. 28, 2013) (denying petitioner's request for counsel after finding that his Section 2255 claims were "without merit").

## IV.    CONCLUSION

For the foregoing reasons, the Motion and request for the appointment of counsel, (ECF Nos. 137, 146), are DENIED.[2]

**SO ORDERED.**

Dated:    April 23, 2026
         Central Islip, New York

                                                    /s/ JMA
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE

---

[2] Johnson's request for the appointment of counsel also includes various conclusory assertions that the police officers who testified at his trial lied.  (See ECF No. 146 at 1–2.)  Any such conclusory claims are meritless.

11